# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF C. BENJAMIN SCROGGINS, BAR NO. 7902.

No. 70588

**FILED**

SEP 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for discipline against attorney C. Benjamin Scroggins.

Scroggins' violations of the Rules of Professional Conduct stem from his representation of a client in an action to recover damages for the negligent repair of the client's company truck. The client retained Scroggins on February 20, 2014, for $1,000. Scroggins advised the client that he would send a demand letter to the repair company. He did not send the letter, and between February 27 and March 24, 2014, the client attempted to contact him numerous times but received no response. Ultimately, the client filed a complaint with the State Bar in April 2014. On July 7, 2014, Scroggins provided an initial response to the State Bar indicating that he had lost the client's file but that he would send a demand letter to the repair company shortly. He did not send the letter. The State Bar subsequently sent Scroggins multiple letters requesting that he provide a status on the demand letter. The last letter was sent on August 25, 2015. After not receiving a response, the State Bar filed a

16-28200

complaint on November 9, 2015, alleging that Scroggins violated RPC 1.3 (diligence) and RPC 8.1(b) (bar admissions and disciplinary matters). When Scroggins failed to respond to the complaint, the State Bar filed a notice of intent to proceed on a default basis. The disciplinary panel subsequently entered a default order. Scroggins sought to set aside the default order, but the panel denied the motion and deemed the allegations against him admitted. The panel allowed Scroggins to submit evidence in mitigation at the disciplinary hearing. At the hearing on April 29, 2016, Scroggins explained that his wife was diagnosed with cancer shortly after the client retained him and that he "essentially kind of quit working" to take care of her. As a result, he was evicted from his home and during the move into a friend's home, the client's file was lost. He also indicated that he had been working for a law firm but developed health problems, resulting in a drop in his billable hours and dismissal from the firm in March 2016.

The panel found that Scroggins violated RPC 1.3 (diligence) and RPC 8.1(b) (bar admissions and disciplinary matters). Based on these violations and considering the aggravating and mitigating factors, the panel recommended that he be suspended from the practice of law for 120 days and that, following his suspension, he be placed on probation for two years under the supervision of the State Bar and a mentor selected by the State Bar. The panel recommended the following conditions of probation: that Scroggins (1) meet with his mentor at least once a month, follow the mentor's guidelines and recommendations, and submit quarterly reports to the State Bar from the mentor certifying compliance and (2) refrain from having access or control over any trust accounts. The panel further

recommended Scroggins be required to participate in the Nevada Lawyer Assistance Program (NLAP). Finally, the panel recommended that he pay the costs of the disciplinary proceedings, including Bar counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs.

The State Bar has the burden of showing by clear and convincing evidence that Scroggins committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We "employ a deferential standard of review with respect to [the hearing panel's] findings of fact," SCR 105(3)(b), the same as in other civil cases, *see* SCR 105(3)(a) ("To the extent not inconsistent with these rules, an appeal from a decision of a hearing panel shall be treated as would an appeal from a civil judgment of a district court . . . ."). Conversely, a hearing panel's conclusions of law and recommended discipline are reviewed de novo. SCR 105(3)(b).

We defer to the hearing panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that Scroggins violated RPC 1.3 and RPC 8.1(b). We also conclude that the panel's recommended discipline is appropriate considering the aggravating factors (bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders, substantial experience in the practice of law, and indifference to making restitution, *see* SCR 102.5(1)(e), (i), (j)) and the mitigating factors (absence of prior disciplinary record and personal or emotional problems, *see* SCR 102.5(2)(a), (c)). *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*,

Standard 4.42 (2015) (indicating that suspension is appropriate for lack of diligence where "lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" or "engages in a pattern of neglect and causes injury or potential injury to a client"). We further agree with the recommended conditions of probation and participation in the NLAP.[1] In addition, Scroggins shall pay the client $1,250 before the end of the suspension period.[2]

Accordingly, we suspend Scroggins for 120 days from the date of this order. Following that suspension he will be placed on probation for a period of two years, subject to the conditions set forth by the panel as described above and he shall participate in the NLAP. Finally, Scroggins shall pay the costs of the disciplinary proceeding, including the salaries of

---

[1]As part of Scroggins' participation in the NLAP, the panel recommended that he receive an initial clinical assessment from Peter A. Mansky, M.D., Executive Medical Director of the Nevada Professionals Assistance Program, and follow a treatment program in accordance with Dr. Mansky's evaluation and recommendations. Further, Scroggins will sign a HIPAA authorization to allow the State Bar to obtain the records from Dr. Mansky and any other licensed professional related to his treatment during the period of his probation. Scroggins shall comply with these terms in addition to the other conditions set forth in this order.

[2]At the conclusion of the hearing and at the State Bar's request, the hearing panel orally recommended that Scroggins pay $1,250 (the $1,000 retainer plus $250 for the two-year period he held the retainer) to the client before the end of the suspension period. That recommendation does not appear in the panel's written Findings of Fact, Conclusions of Law and Recommendation; however, we conclude the payment is appropriate and impose it here as part of Scroggins' discipline.

Bar counsel and staff within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120(1). Scroggins and the State Bar shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Board
C. Benjamin Scroggins
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A